**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **REBECCA D. BAILEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case number 1:10cv0160 TCM** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

This is a 42 U.S.C. § 405(g) action for judicial review of the final decision of Michael

J. Astrue, the Commissioner of Social Security (the Commissioner), denying the applications

of Rebecca D. Bailey (Plaintiff) disability insurance benefits (DIB) under Title II of the

Social Security Act (the Act), 42 U.S.C. § 401-433, and supplemental security income (SSI),

under Title XVI of the Act, 42 U.S.C. § 1381-1383b.[1]  Pending is the Commissioner's

unopposed motion to reverse and remand the case pursuant to sentence four of § 405(g).

Plaintiff applied for DIB and SSI in April 2006, alleging a disability beginning in

December 2005 caused by fibromyalgia, lupus erythematosus, colon problems, depression,

situational anxiety, and muscle and joint aches and pains.  (R. at 47-51, 370-74.)  Her

applications were denied initially and following a hearing held in April 2008 before

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the
parties.  See 28 U.S.C. § 636(c).

Administrative Law Judge (ALJ) Gary Shelton. (Id. at 8-20, 375-88.) The ALJ decided, in relevant part, that Plaintiff's severe impairments included depression and situational anxiety, but further found that they were "not of sufficient severity to constitute major impairments." (Id. at 15.) She could "function independently, appropriately, and effectively while engaging in work." (Id.)

Thereafter the Appeals Council denied Plaintiff's request for review, effectively adopting the ALJ's decision as the decision of the Commissioner. (Id. at 3-5.)

In his motion to remand, filed soon after the filing of the administrative record, the Commissioner requests that the Court reverse and remand the case so that the Appeals Council can, in turn, remand it to the ALJ "with instructions to [a] evaluate all of the evidence on Plaintiff's mental impairments with a better articulation of her residual functional capacity," [b] "address all of the opinions on Plaintiff's mental status[,] . . . [c] obtain evidence from a medical expert to clarify the nature and severity of her mental impairments[,]" and [d] "issue a new decision reflecting the above analysis." (Mot. at 1.)

As noted above, Plaintiff does not oppose the motion.

A case seeking judicial review of the Commissioner's adverse decision may be remanded pursuant only to sentence four or six of § 405(g). See **Shalala v. Schaefer**, 509 U.S. 292, 296 (1993); **Melkonyan v. Sullivan**, 501 U.S. 89, 97-98 (1991). "Sentence four,[2]

---

[2]Sentence four reads: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

by its terms, authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing.'" **Buckner v. Apfel**, 213 F.3d 1006, 1010 (8th Cir. 2000) (quoting § 405(g)) (footnote added). See also **Boyle v. Halter**, 165 F. Supp.2d 943, 943 n.2 (D. Minn. 2001) (noting that Commissioner's motion to remand after answer has been filed was appropriately made pursuant to sentence four). The Commissioner's motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of the Commissioner to reverse and remand is **GRANTED**. [Doc. 12]

An appropriate Judgment shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of February, 2011.